IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CORDELIA O. NWONWU, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:22-cv-03060-MDH |
| ZACHARY JOHNSON, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Zachary Johnson ("Defendant Johnson") and Defendant Instant Acres Inc. ("Defendant Instant Acres'") (collectively "Defendants'") Motion to Dismiss or for More Definite Statement. (Doc. 18). Pro se Plaintiff Cordelia O. Nwonwu ("Plaintiff") responded to Defendants' Motion (Doc. 24) and Defendants responded in turn. (Doc. 25). For reasons herein, Defendants' Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART AND DENIED IN PART**. Defendants' Motion to Stay Discovery (Doc. 30) is **MOOT**.

## BACKGROUND

Plaintiff filed three separate complaints against various defendants in the United States District Court for the District of Columbia. (Doc. 1). Plaintiff thereafter amended her complaint. (Doc. 3). Due to lack of venue in the District of Columbia, Plaintiff's cases were transferred to the Western District of Missouri. (Doc. 12). Though unclear, Plaintiff appears to generally allege violation of various state and federal laws stemming from a 2019 foreclosure of a residence in Willow Springs, Missouri. (Doc. 3 at 1-2). Plaintiff's allegations fail to distinguish between Defendant Johnson and Defendant Instant Acres, rendering it difficult to discern the relationship

1

between claims and Defendants within Plaintiff's complaint. Further, Plaintiff's compliant nearly mirrors other complaints Plaintiff filed under separate cause numbers, implicating other defendants unnamed in the present complaint. Though unclear, Plaintiff appears to allege Defendants were debt collectors who initiated the wrongful foreclosure at issue. (Doc. 3 at ¶¶ 11.3, 11.4, 11.5). Elsewhere, Plaintiff also appears to allege Defendant Johnson was the lender for the underlying mortgage at issue. (Doc. 3 at ¶¶ 13.1, 15.2, 15.2.b, 15.2.c). Plaintiff alleges she obtained a loan from Defendant Johnson in January 2012, making regular payments on the loan until December 2014. (Doc. 3 at ¶¶ 13.1, 15.2). Plaintiff alleges her debts were discharged via Chapter VII bankruptcy. (Doc. 3 at ¶¶ 15.2a, 15.2b, 15.2.c). Plaintiff then contends Defendants foreclosed her residence in June 2019. (Doc. 3 at ¶¶ 15.4, 15.5). Specific claims Plaintiff raises against Defendants remain unclear. Plaintiff's complaint discusses numerous state and federal law violations, including criminal allegations. (Doc. 3 at ¶ 8.7). Plaintiff claims to have amended her complaint to include allegations of piercing the corporate veil, though Plaintiff's complaint fails to allege any facts to give rise to such a claim. (Doc. 2 at 24). Overall, this Court believes Plaintiff intends to allege the following specific causes of action against Defendants: 1) wrongful foreclosure; 2) violation of the Fair Debt Collection Practices Act ("FDCPA"); 3) violation of the Truth in Lending Act ("TILA"); 4) breach of contract; 5) violation of Federal Trust and Lien Laws; 6) slander of title; 7) slander of credit; 8) infliction of emotional distress. (Doc. 3 at 21-22).

## **STANDARD**

A complaint must contain factual allegations, when accepted as true, sufficient to state a claim of relief plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in

the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555). "Though pro se complaints are to be construed liberally…they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted).

## ANALYSIS

### I. Wrongful Foreclosure

Defendants argue Plaintiff has generally failed to plead a *prima facie* case of wrongful foreclosure. Specifically, Defendants argue Plaintiff has failed to allege she was not in default under the terms of a promissory note secured by a deed of trust, a requirement for wrongful foreclosure. (Doc. 19 at 10). A wrongful foreclosure tort action requires Plaintiffs show: "(1) the commencement of a foreclosure by sale (as distinguished from judicial action) of a deed of trust; (2) that at the time the foreclosure proceeding began, there was no default on the defendant's part that would give rise to a right to foreclose; so that (3) the foreclosure is absolutely void." *Union Bank v. Murphy*, No. 4:10-CV-00714-DGK, 2012 WL 4404372, at *8 (W.D. Mo. Sept. 24, 2012) (citations omitted). "A plaintiff seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would

3

give rise to a right to foreclose." *Dobson v. Mortg. Elec. Registration Sys./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008). Though somewhat unclear, it appears Plaintiff alleges the foreclosure occurred during June 2019. (Doc. 1 at ¶¶ 15.4, 15.5). Plaintiff asserts she made timely mortgage payments to lender Defendant Johnson only between January 2012 and December 2014. (Doc. 1 at ¶ 15.2). Plaintiff fails to allege she was not in default of any mortgage when the foreclosure proceedings appear to have started in June 2019. Accordingly, Plaintiff has failed to make a *prima facie* case of wrongful foreclosure[1,2].

## II. FDCPA Violations

Defendants argue Plaintiff has generally failed to plead a *prima facie* FDCPA claim. (Doc. 19 at 6-7). Specifically, Defendants argue Plaintiff has failed to allege Defendants constitute debt collectors within the meaning of the FDCPA statute. (Doc. 19 at 6-7). Plaintiff's complaint does not appear to specify under which provision of the FDCPA she intends to raise her claims. Generally, though, an FDCPA claim requires: "(1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; and (3) the defendant has violated by act or omission a provision of the FDCPA." *Somlar v. Nelnet Inc.*, No. 4:16-CV-01037-AGF, 2017 WL 35703, at *2 (E.D. Mo. Jan. 4, 2017) (citations omitted). The FDCPA statute defines "debt collector" as follows.

---

[1] Though Plaintiff appears to assert she received a Title 7 bankruptcy discharge of debts, Title 7 discharge does not apply to a lender's *in rem* rights to foreclose property. *See In re Pennington-Thurman*, 499 B.R. 329, 331 (B.A.P. 8th Cir. 2013), *aff'd*, 559 F. App'x 600 (8th Cir. 2014); *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991).

[2] Defendants' argument references exhibits Plaintiff attached to her first complaint. Though arguable Plaintiff's amended complaint necessarily embraces the content of those exhibits, Defendants' argument may be evaluated by considering allegations within Plaintiff's amended complaint alone. *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) ("documents necessarily embraced by the complaint are not matters outside the pleading").

4

> Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C.A. § 1692a.

Plaintiffs may not simply label in a complaint a defendant as a "debt collector" for statutory purposes; rather, plaintiffs must plead sufficient facts to show defendants constitute "debt collectors." *Somlar* at 3. A creditor using its own name to collect its own debt fails to qualify as a debt collector for FDCPA purposes. *Duhart v. LRAA Collections*, 652 F. App'x 483, 484 (8th Cir. 2016).

Taking Plaintiff's complaint as a whole, Plaintiff appears to assert Defendant Johnson loaned Plaintiff money for the residential purchase and sought to foreclose Plaintiff's house to collect on his own debt. (Doc. 3 at ¶¶ 11.3, 13.1). Further, any reference to Defendants as "debt collectors" constitute conclusory statements void of sufficient alleged facts. (Doc. 3 at ¶¶ 11.3, 11.5). Plaintiff's pleadings fail to establish Defendants constitute debt collectors for FDCPA statute purposes.

### III. TILA Violations

Plaintiff argues, "The defendant violated the [TILA], Regulation Z, 12 CFR § 226.23, which states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures." (Doc. 3 at ¶ 3.1). Plaintiff then alleges, "the original debt was actually zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange." (Doc. 3 at ¶ 3.1). Plaintiff then appears to allege Defendants mislead the state court by executing an unlawful non-judicial foreclosure. (Doc. 3 at ¶ 3.1). Plaintiff also claims Defendant Johnson misrepresented himself as a licensed attorney, when in in fact he is not. (Doc. 3 at ¶ 3.5). Plaintiff offers no specific facts to support these claims. Defendants interpret Plaintiff's claims to

5

Case 6:22-cv-03060-MDH    Document 27    Filed 11/21/22    Page 5 of 9

mean Defendants violated the TILA by failing to notify Plaintiff of Plaintiff's right to rescind a home mortgage transaction. (Doc. 19 at 8). Defendants then argue any rescission the regulation contemplates, fails to include the mortgage at issue in Plaintiff's complaint, because the regulation specifically excludes residential mortgage transactions. (Doc. 19 at 8).

Plaintiff's complaint leaves little doubt the transaction at issue is a residential mortgage. Plaintiff's complaint regularly describes the property as her "home" and references the debt as a "mortgage". (Doc. 3 at ¶¶ 11.2, 13.1, 15.1, 18.3). Plaintiff also alleges the "loan was to secure personal housing for the plaintiff and her family." (Doc. 3 at ¶ 10.3). Defendants are correct that the regulation subsection Plaintiff cites specifically exempts any residential mortgage transaction from the right to rescind. 12 C.F.R. § 226.23(f)(1). To the extent Plaintiff attempts to allege Defendants violated Plaintiff's right to rescind contemplated by 12 C.F.R. § 226.23(a), this Court finds the TILA granted Plaintiff no such right because of the nature of the transaction at issue. To the extent Plaintiff's complaint contemplates an alternative TILA violation, this Court finds Plaintiff's allegations merely conclusory, void of alleged facts sufficient to state a claim.

IV. **Breach of Contract**

Plaintiff appears to allege breach of contract. The substance of Plaintiff's contract claims remains unclear. Specifically, Plaintiff claims, "[Plaintiff] was never provided a loan; the original debt was actually zero because [Plaintiff's] financial asset was exchanged for FED's promissory notes in an even exchange." (Doc. 3 at ¶ 13.2). Plaintiff also claims she, "purchased a home and obtained a mortgage loan from Zachary S. Johnson, in the approximate amount of $109,500.00." (Doc. 3 at ¶ 13.1). Plaintiff alleges she made regular payments on the mortgage only between January 2012 and December 2014. (Doc. 3 at ¶ 15.2). Plaintiff does not allege she did not default.

Defendants argue Plaintiff, "failed to plead that she performed her obligations under the promissory note and deed of trust." (Doc. 19 at 14). "It is elementary that a party to a contract cannot claim its benefit where he is the first to violate it." *Tony Thornton Auction Serv., Inc. v. Quintis*, 760 S.W.2d 202, 204 (Mo. Ct. App. 1988). Plaintiff's own allegations make clear she failed to make payments on the mortgage in question, perhaps precluding a breach of contract claim. On the other hand, Plaintiff alleges Defendant Johnson "continued illegal debt collection demanding and including all Plaintiff's debts discharged by the Bankruptcy Court." (Doc. 3 at ¶ 15.2.e). Plaintiff also alleges Defendant Johnson acquired Plaintiff's vehicle in part payment of Plaintiff's mortgage, but the value of the vehicle was never reflected in the mortgage balance. (Doc. 3 at 15.2.f). It is conceivable these allegations amount to an alleged contract breach on the part of Defendant Johnson as well.

V. **Federal Trust and Lien Laws Violation**

Plaintiff claims Defendants, "violated Federal Trust and Lien Laws when he/they signed without legal authorization." (Doc. 3 at 22). Defendants argue that it remains unclear what laws Plaintiff refers to, failing to assert any claim for which relief may be granted. (Doc. 19 at 14). This Court agrees with Defendants. Plaintiff's Count Five allegations are conclusory and state no cognizable right to relief.

VI. **Slander of Title**

Plaintiff asserts Defendants, "caused to be recorded various documents including a Notice of Trustee Sale which has impaired [Plaintiff's] title which constitutes slander of title." (Doc. 3 at 22). Defendants argue Plaintiff has failed to allege Defendants published anything with malice.

(Doc. 19 at 14). A slander of title claim under Missouri law requires, "1) some interest in the property, 2) that the words published were false, 3) that the words were maliciously published, and 4) that [the Plaintiff] suffered pecuniary loss or injury as a result of the false statement." *Lau v. Pugh*, 299 S.W.3d 740, 748–49 (Mo. Ct. App. 2009) (citations omitted). Malice pleading in a slander of title action requires, "factual allegations sufficient to create a plausible claim that [a defendant] acted with a reckless disregard for the truth, despite a high degree of awareness of probable falsity. *Dunbar v. Wells Fargo Bank, N.A.*, 709 F.3d 1254, 1258 (8th Cir. 2013) (citations omitted). Plaintiff has failed to plead any facts indicating reckless disregard by Defendants.

VII. **Slander of Credit**

Plaintiff alleges, "the actions and inactions of the defendants have impaired her credit." (Doc. 3 at 22). Defendants argue generally that Missouri courts treat slander of credit claims as defamation allegations and Plaintiff failed to plead a *prima facie* case. (Doc. 19 at 15). Defendants are correct that Missouri courts analyze slander of credit allegations through a lens of defamation. *Glanzer v. Bank of Am., N.A.*, No. 14-0298-CV-W-REL, 2014 WL 6604788, at *11 (W.D. Mo. Nov. 20, 2014). "The elements of a defamation claim are (1) publication, (2) of a defamatory statement, (3) that identifies the claimant, (4) that is false, (5) that is published with the requisite degree of fault, and (6) that damages the plaintiff's reputation." *Glanzer v. Bank of Am., N.A.,* No. 14-0298-CV-W-REL, 2014 WL 6604788, at *11 (W.D. Mo. Nov. 20, 2014). Plaintiff simply claims Defendants actions and inactions have impaired her credit. (Doc. 3 at 22). Plaintiff offers no additional facts in support. Plaintiff's allegations under Count Seven are simply conclusory and fail to plead a *prima facie* defamation case.

### VIII. Infliction of Emotional Distress

Plaintiff asserts, "the defendants have intentionally or negligently taken actions which have caused the plaintiffs severe emotional distress." (Doc. 3 at 22). Plaintiff offers no additional facts in support of this claim. Defendants argue generally Plaintiff has failed to plead a *prima facie* case of either negligent or intentional infliction of emotional distress. (Doc. 19 at 16-17). This Court agrees, finding Plaintiff's claims to be conclusory, void of supporting factual allegations.

### CONCLUSION

For foregoing reasons, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. This Court dismisses with prejudice all claims against Defendant Instant Acres. This Court dismisses with prejudice Plaintiff's following claims against Defendant Johnson: 1) wrongful foreclosure; 2) FDCPA violation; 3) TILA violation; 4) violation of Federal Trust and Lien Laws; 5) slander of title; 6) slander of credit; 7) infliction of emotional distress. Plaintiff is **ORDERED** to re-plead the breach of contract allegation against Defendant Johnson in clear language with specific facts **no later than December 22, 2022**. Plaintiff is **FURTHER ORDERED** to clearly explain her allegations about the FED promissory note, the vehicle provided to Defendant Johnson, and how these relate to Plaintiff's breach of contract claim.

**IT IS SO ORDERED.**

Dated: November 21, 2022  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**